UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DAMON LEE HARMON** | : | **CIVIL ACTION NO. 2:14-cv-2205** |
| DOC #519554 | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **WARDEN, ALLEN CORRECTIONAL CENTER, O/B/O JAMES M. LEBLANC** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is an application for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by *pro se* petitioner Damon Lee Harmon ("Harmon"). Harmon is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at Allen Correctional Center in Kinder, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the reasons below, **IT IS RECOMMENDED** that the petition be **DENIED AND DISMISSED WITH PREJUDICE.**

**I.**
**BACKGROUND**

Harmon was convicted by a jury sitting in the Fourteenth Judicial District Court ("14th JDC") in Calcasieu Parish, Louisiana, of armed robbery. *State v. Harmon*, 2008 WL 4801743, *1 (La. Ct. App. 3d Cir. Nov. 5, 2008). He was sentenced on February 22, 2007, to twenty-five years imprisonment without the benefit of probation, parole, or suspension of sentence. *Id.* On November 5, 2008, the Third Circuit affirmed Harmon's conviction but remanded the case to the

trial court for resentencing. *Id.* at *4. Harmon then sought review with the Louisiana Supreme Court, which denied same on September 4, 2009. *See State v. Harmon*, 17 So.3d 948 (La. 2009). Harmon did not seek further review in the United States Supreme Court. Doc. 1, p. 2.

Harmon then filed two applications for post-conviction relief in the 14th JDC. Doc. 1, att. 1, p. 39 n. 2. Harmon does not give the dates of filing or decision in the trial or appellate courts but he states that both applications were denied by all state courts. *Id.* Published jurisprudence shows that the Louisiana Supreme Court denied the applications on December 14, 2012. *State v. Harmon*, 104 So.3d 435 (La. 2012); *State ex rel. Harmon v. State*, 104 So.3d 436 (La. 2012).

On February 21, 2013, Harmon filed a motion to quash in the 14th JDC, alleging that the bill of information was fatally defective because it charged him with a sentencing enhancement rather than a substantive offense. Doc. 1, att. 1, pp. 3–10. The 14th JDC denied the motion on the merits. *Id.* at 16. Harmon filed a writ of review with the Third Circuit Court of Appeal regarding the denial of his motion to quash. Doc. 1, att. 1, pp. 18–30. The appellate court denied relief, stating:

> Relator's motion to quash was an untimely filed application for post-conviction relief. *See State ex rel. Glover v. State*, 93-2330, 94-2101, 94-2197 (La. 9/5/95), 60 So.2d 1189. Relator's conviction and sentence became final in September 2009. La. Code Crim. P. arts. 914, 922. Relator then had two years, until September 2011, to seek post-conviction relief. La. Code Crim. P. art. 930.8. Relator did not file his motion to quash with the trial court until February 2013, which is beyond the range of time Relator was allowed to file for post-conviction relief. Further, Relator neither alleged nor proved that his application fit into any of the exceptions to the time limitation. Accordingly, Relator's writ application is denied.

Doc. 1, att. 1, p. 32. Harmon filed a writ of review with the Louisiana Supreme Court, which denied same on May 23, 2014. *Id.* at 47.

Harmon filed the instant petition on June 27, 2014, renewing the claim from his motion to quash. Doc. 1, p. 5. This court ordered Harmon to amend his original *habeas* petition to provide documentation/information needed to establish, among other things, the dates on which he filed pleadings on post-conviction review. Doc. 5. Harmon responded but did not provide additional information. Doc. 8.

## II.
### LAW AND ANALYSIS

*A. Timeliness*

Title 28 U.S.C. § 2244(d)(1)(A) was amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") to provide a one-year period of limitations for the filing of applications for writ of *habeas corpus* by a person in custody pursuant to the judgment of a state court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A).[1]

Section 2244(d)(2) provides that "The time during which a properly filed application for State post-conviction relief or other collateral review . . . is pending in state court shall not be counted toward any period of limitation under this section." *See also Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999). However, the time between the date that the conviction becomes final and the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998). Federal courts may raise the issue of timeliness *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326, 329 (5th Cir. 1999).

---

[1] Nothing in the record suggests that the limitations period should be reckoned from the events described in 28 U.S.C. § 2244(d)(1)(B), (C), or (D).

### *1. Finality of Judgment*

Harmon's judgment of conviction became final on or about December 4, 2009, when the ninety-day period for seeking further direct review in the United States Supreme Court expired. 28 U.S.C. § 2244(d)(1)(A). He thus had until December 4, 2010, to file his federal *habeas corpus* suit.

### *2. Statutory Tolling*

Section 2244(d)(2) provides that the period during which a properly filed state *habeas* application is pending must be excluded when calculating the one-year period. Harmon filed applications for post-conviction relief in the 14th JDC but the dates were not given. Assuming that his applications were timely, he was able to toll limitations until the Louisiana Supreme Court denied his applications on December 14, 2012. The only other state application for post-conviction relief or other collateral review filed by Harmon was the motion to quash filed on February 21, 2013. However, as the Third Circuit stated, this application was untimely under state law.

The United States Supreme Court has held that when state courts deny an application as untimely under state law, such an application cannot be considered to have been "properly filed," and therefore cannot toll the federal limitations period. *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1812 (2005). Thus, Harmon's 2013 motion to quash did not toll the federal limitations period as it was not properly filed.

The limitations period was only tolled during the pendency of Harmon's first two applications for post-conviction relief. These ceased to be pending when the Louisiana Supreme Court denied same on December 14, 2012. The limitations period began to run again on that date,

giving Harmon one year,[1] or until December 14, 2013, in which to file his federal *habeas* petition. Harmon filed the instant petition on June 27, 2014, rendering his petition time-barred.

### B. *Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). As noted by the Supreme Court, "[t]o be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007) (internal quotations omitted).

Harmon offers no evidence or argument to support a finding of equitable tolling. He has not alleged that he was actively misled or that he was prevented in some extraordinary way from asserting his rights. Equitable tolling does not apply.

### III.
### CONCLUSION

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d)(1)(A).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's

---

[1] We give him the benefit of assuming the applications for post-conviction relief were filed before his conviction became final, meaning that no time was counted against the one year limit between his direct appeal and state collateral review.

objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n*, **79 F.3d 1415 (5th Cir. 1996).** Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE this 14th day of January, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE